# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT GENE ROSS,

      Plaintiff,

v.                                       CIV 06-0358 JB/LAM

JOE WILLIAMS (DIRECTOR)
NEW MEXICO CORR. DEPARTMENT,
GEORGE TAPIA (WARDEN)
WESTERN N.M. CORRECTIONAL FACILITY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on (i) the Plaintiffs' Motion To Amend Complaint (To excuse and include witnesses and Plaintiffs) filed May 17, 2006 (Doc. 5); and (ii) the Plaintiff's Formal Letter of Request, filed June 22, 2006 (Doc. 7).  The primary issue is whether the Court should dismiss the Amended Complaint for failure to exhaust administrative remedies.  Because it does not appear that Plaintiff Robert Gene Ross has exhausted administrative remedies, the Court will issue a show cause order why the Court should not dismiss his Complaint.

The Plaintiff files this Motion to Amend in response to the Court's Order to Cure Deficiency, filed May 11, 2006 (Doc. 4).  A motion to amend the complaint is unnecessary, because an amended complaint may be filed "as a matter of course . . . before a responsive pleading is served."  Fed. R. Civ. P. 15(a).  On the other hand, rule 21 states that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  Fed. R. Civ. P. 21.

In the motion, all but one of the Plaintiffs who signed the original Complaint withdraw their claims.[1]  Under rule 41(a)(1) of the Federal Rules of Civil Procedure, if no defendant has filed an answer or motion for summary judgment, a plaintiff may dismiss claims without an order of the Court.  *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).  Furthermore, the Court notes that only Ross signs the proposed Amended Complaint, which supersedes the original.  *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998).  The Court will dismiss the claims of Plaintiffs Johnson, Brown, McBee, Parker, Peralta, Lopez, Harris, Thomas, Thompkins, Holland, and Neatherlin.

Ross is incarcerated, appears *pro se*, and is proceeding *in forma pauperis* ("IFP").  The provisions of § 1915(b)(1) require Ross to pay the full amount of the $350.00 filing fee.  Based on the financial information in Ross' IFP motion, the Court finds that Ross is unable to pay an initial partial payment pursuant to § 1915(b)(1).  The Court will waive the initial payment and, for the reasons stated below, will issue an order to show cause why the Court should not dismiss the Amended Complaint.

The Court has the discretion to dismiss an IFP complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d

---

[1]Plaintiff Maximilian Bond signed the original complaint, *see* Doc. 1 at 28, but failed to sign the portion of the Motion to Amend requesting that the Plaintiffs be excused as plaintiffs in this action, *see* Doc. 5 at 3.  The document notes that Bond "can never be reached," but indicates he is to be withdrawn as a plaintiff.  *See id.*

1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  Furthermore, according to the provisions of 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."  In reviewing Ross' *pro se* Amended Complaint, the Court applies the same legal standards applicable to pleadings that counsel draft, but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Amended Complaint consists of seventeen Counts.  Ross alleges that the Defendants regularly violate a variety of inmates' constitutional protections.  His only allegation regarding exhaustion of administrative remedies is that he has "written grievances - letters to Dir. of Prisons and Warden."  *See* Doc. 5 at 37 (page 5 of typed complaint form).  Neither the original complaint nor the Amended Complaint contains documentation of Ross' alleged attempts to exhaust administrative remedies for his claims.

Ross must administratively exhaust all of his claims before commencing litigation in federal court.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "A prisoner must . . . 'attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'"  *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003) (quoting *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000)).  A plaintiff who has not administratively exhausted a claim must either withdraw the claim or show cause why the complaint should not be dismissed.  *See Dawson v. Taylor*, 128 F. App'x 677, 679 (10th Cir. 2005).  "[T]he district court may permit an inmate who has filed a mixed complaint in a § 1983 complaint [sic] to dismiss voluntarily his unexhausted claims and to proceed only on those he has exhausted."  *West v.*

*Kolar*, 108 F. App'x 568, 570 (10th Cir. 2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). If Ross fails to establish that he has exhausted all of his claims, or to withdraw unexhausted claims, the Court may dismiss the Amended Complaint.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion To Amend Complaint (To excuse and include witnesses and Plaintiffs), filed May 17, 2006 (Doc. 5), is dismissed as unnecessary; and the Clerk is directed to separately file the proposed Amended Complaint as of May 17, 2006;

**IT IS FURTHER ORDERED** that  the claims of Plaintiffs Johnson, Brown, McBee, Parker, Peralta, Lopez, Harris, Thomas, Thompkins, Holland, and Neatherlin are dismissed without prejudice; and these Plaintiffs are dismissed as parties to this action;

**IT IS FURTHER ORDERED** that, within twenty (20) days of entry of this Order, Plaintiff Maxmilian Bond shall file a pleading, letter, notice, document, or brief with the Court asking that either (1) he be included in the Amended Complaint or (2) he be dismissed from this lawsuit.  If he fails to file said pleading as set forth herein, the Court will drop him as a party from this suit and dismiss his claims without prejudice.

**IT IS FURTHER ORDERED** that the initial partial payment is WAIVED;

**IT IS FURTHER ORDERED** that the Plaintiff must make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee.  The Clerk is directed to provide the Plaintiff with two copies of the post-filing financial certificate, and the Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

**IT IS FURTHER ORDERED** that, within twenty (20) days from entry of this order, the

4

Plaintiff may file a response to this order establishing that he exhausted all of his claims, withdrawing his unexhausted claims, or showing cause, if any, why his complaint should not be dismissed.

_____
UNITED STATES DISTRICT JUDGE